Sun Drug Company, Inc., Appellant, v. University Park Shopping Village, Inc. et al., Appellants.

Argued November 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

W. Louis Coppersmith and William T. Marsh, with them Earl F. Glock, Margolis & Coppersmith, and Glock & Mayer, for defendants.

*William T. Marsh,* with him *Earl F. Glock,* and *Glock & Mayer,* for plaintiff.

OPINION PER CURIAM, March 30, 1972:
Order and judgment affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I find no ambiguity in the reimbursement agreement and would render judgment n.o.v. in favor of the plaintiff for the full amount of its claim, i.e., $62,238.83, plus interest.

Clause (2) provides, "If Sun shall pay any Basic Rentals . . . after the expiration of one (1) year . . . University . . . will *promptly* reimburse Sun . . ." according to the formula agreed on. (Emphasis supplied) Since Sun was obligated to make its basic payments to the holder of the mortgage on the property as indicated by the parties in the fourth "Whereas" clause of the Reimbursement Agreement, Sun would have no right to deduct from those payments any sums which it might be entitled to under that agreement for lack of business results during the first year of operation. The purpose of the agreement was to accomplish repayment to Sun by way of reimbursement rather than by withholding the payments due the mortgagee during the second year.

Clause (4) of the agreement lends support to this theory as well as to the view that the total sales of the anticipated subtenant, National Dairys, were to be included in the total on which the formula was based. It is therein expressly stated that, "If the space covered by the Lease is reduced from 8,050 square feet to 6,250 square feet (in the event Sun is unable to sublet 1,800 square feet in the Storeroom to National Dairys) the Basic Rental payable under the Lease, and the gross sales upon which the Percentage Rental is based

will be reduced accordingly and corresponding reductions will be made in the amounts reimbursable under the provisions of paragraph (2) hereof. However, if the space covered by the Lease is reduced to 6,000 square feet, University and Mr. Siciliano will reimburse Sun for any Basic Rentals paid by Sun in excess of $12,500 per annum."

The foregoing provision from (4) clearly shows the parties anticipated the immediate subletting of part of the premises to National Dairys; that if such subletting was not accomplished the reimbursable formula would be correspondingly altered to reflect the reduction of space from 8,050 square feet to 6,250 square feet or less (6,000 square feet). Sun would be reimbursed for part of the basic rental regardless of the success of the business as reflected in the total sales. These arrangements are not postponed for one year after the lease is in effect but are effective immediately.

Nor do I find any ambiguity in the provision granting Sun the right to terminate the lease and to be reimbursed for its proper removal expenses. Clause (3) of the Reimbursement Agreement is specific: "If Sun shall close said store in the Shopping Center if the operation thereof shall not produce gross sales in excess of $250,000 annually, University and Mr. Siciliano will upon demand of Sun, immediately reimburse Sun for Sun's removal costs, which costs shall include the undepreciated value of Sun's fixtures and equipment."

There is no merit in defendants' contention that there is to be no reimbursement if sales are less than $100,000 because (1) the total sales were in excess of $100,000 and (2) such a contention is an unreasonable interpretation of the agreement.

Therefore, I respectfully dissent.

HOFFMAN and CERCONE, JJ., join in this dissenting opinion.